**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN L. STEELE, ) | |
| ) | |
| Plaintiff, ) | Case No. 13-cv-7254 |
| ) | |
| v. ) | COMPLAINT FOR EMPLOYMENT |
| ) | DISCRIMINATION AND |
| FREUDENBERG HOUSEHOLD ) | SUPPLEMENTAL STATE LAW |
| PRODUCTS, LP and ) | CLAIM |
| ROBERT BARTH, ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, JOHN L. STEELE, by and through his attorney, the Law Office of Julie O. Herrera, for his Complaint against Defendant alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII").

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. Section § 1331 and 1367.

3. This Court has general personal jurisdiction over Defendant FREUDENBERG HOUSEHOLD PRODUCTS, LP ("FREUDENBERG") because the company does business in Illinois.

4. This Court has general personal jurisdiction over ROBERT BARTH ("BARTH") because he resides in Illinois.

5. Venue is proper in this District because all the conduct complained of occurred in this district.

1

6. Plaintiff has complied with the procedural requirements of Title VII. He received a right-to-sue notice from the EEOC and is filing this lawsuit within 90 days of receiving that notice.

## PARTIES

7. JOHN L. STEELE ("STEELE") was an employee of FREUDENBERG from 2007 until 2012.

8. STEELE is African-American.

9. FREUDENBERG is a limited partnership that makes household products.

10. STEELE worked for FREUDENBERG as a loader/forklift operator.

11. BARTH was STEELE's supervisor.

12. BARTH is white.

13. FREUDENBERG is subject to suit under Title VII because it had 15 or more employees for each working day for 20 or more calendar weeks in the current or preceding calendar year

## FACTUAL ALLEGATIONS

14. STEELE began working for FREUDENBERG in 2007.

15. STEELE was a loader/forklift operator.

16. Throughout his employment STEELE was subjected to harassment from BARTH and others based on his race.

17. Examples of the harassment from BARTH include:

   a. Calling blacks "niggers";

   b. Saying that whites are smarter than blacks;

   c. Saying the KKK were BARTH's "brothers";

      d.   Saying that 500 years ago, BARTH would have been the slavemaster and the black employees the slaves; and

      e.   Threatening to put his "white foot" in Steele's "ass" over a minor incident.

18.   Plaintiff filed a Charge of Discrimination with the EEOC in January 2008.

19.   FREUDENBERG repeatedly failed to respond to or cooperate with the EEOC.

20.   STEELE was injured at work in late July 2011.

21.   He filed a claim with the Illinois Worker's Compensation Commission.

22.   He sought treatment for his injury.

23.   He was off work for 5 months.

24.   FREUDENBERG disputed his worker's compensation injury.

25.   STEELE returned to work in January 2012.

26.   In February 2012, FREUDENBERG terminated him.

27.   FREUDENBERG terminated him because of his race, because of his EEOC complaint, and/or because of his exercise of his rights under the Illinois Worker's Compensation Act.

28.   Defendants committed the discriminatory practices alleged above with malice and/or reckless indifference to Plaintiff's rights.

29.   By reason of Defendants' above-described acts, Plaintiff had to retain an attorney to render legal assistance to him so that he might vindicate the loss of his rights. Therefore, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 29 USC § 216(b) and 42 U.S.C. § 1988(b-c).

## COUNT I: AGAINST FREUDENBERG FOR RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

30. STEELE realleges and incorporates paragraphs one (1) through twenty-nine (29) as though fully set forth at this place.

31. STEELE was subjected to a hostile work environment based on his race.

32. STEELE was terminated because of his race.

33. As a result, FREUDENBERG is liable to STEELE for racial discrimination in violation of Title VII.

WHEREFORE, Plaintiff requests that a judgment be entered against Defendant FREUDENBERG and that he be awarded:

   a. Backpay and benefits;
   b. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
   c. Punitive damages;
   d. Prejudgment interest;
   e. Injunctive relief;
   f. Attorney's fees; and
   g. Costs.

## COUNT II: AGAINST FREUDENBERG FOR RETALIATION IN VIOLATION OF TITLE VII

34. STEELE realleges and incorporates paragraphs one (1) through twenty-nine (29) as though fully set forth at this place.

35. Title VII prohibits discrimination against an employee because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

36. FREUDENBERG discharged STEELE because he had made an EEOC charge and participated in an EEOC investigation of the company.

4

37. As a result, FREUDENBERG is liable to STEELE for retaliation in violation of Title VII.

WHEREFORE, Plaintiff requests that a judgment be entered against Defendant FREUDENBERG and that he be awarded:

   a. Backpay and benefits;
   b. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
   c. Punitive damages;
   d. Prejudgment interest;
   e. Injunctive relief;
   f. Attorney's fees; and
   g. Costs.

## COUNT III: AGAINST BARTH AND FREUDENBERG FOR RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

38. STEELE realleges and incorporates paragraphs one (1) through twenty-nine (29) as though fully set forth at this place.

39. STEELE is African-American.

40. STEELE subjected STEELE to racial harassment and terminated him because of his race.

41. FREUDENBERG violated Section 1981 in that it denied STEELE the ability to make and enforce contracts, or to enjoy the fruits of a contractual relationship, because of intentional race discrimination.

42. As a result, FREUDENBERG is liable to Plaintiff for racial discrimination in violation of Section 1981.

WHEREFORE, Plaintiff requests that a judgment be entered against Defendants FREUDENBERG and BARTH and that he be awarded:

5

    a. Backpay and benefits;
    b. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
    c. Punitive damages;
    d. Prejudgment interest;
    e. Injunctive relief;
    f. Attorney's fees; and
    g. Costs.

## COUNT IV: AGAINST BARTH AND FREUDENBERG FOR RETALIATION IN VIOLATION OF 42 U.S.C. 1981

43. STEELE realleges and incorporates paragraphs one (1) through twenty-nine (29) as though fully set forth at this place.

44. Section 1981 prohibits retaliation against an employee because he has tried to remedy racial discrimination in employment.

45. FREUDENBERG discharged STEELE because he had made an EEOC charge and participated in an EEOC investigation of the company.

46. As a result, FREUDENBERG is liable to STEELE for retaliation in violation of Section 1981.

WHEREFORE, Plaintiff requests that a judgment be entered against Defendants FREUDENBERG and BARTH and that he be awarded:

    a. Backpay and benefits;
    b. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
    c. Punitive damages;
    d. Prejudgment interest;
    e. Injunctive relief;
    f. Attorney's fees; and
    g. Costs.

## COUNT V: AGAINST FREUDENBERG FOR
## RETALIATORY DISCHARGE UNDER ILLINOIS LAW

47. STEELE realleges and incorporates paragraphs one (1) through twenty-eight (28) as though fully set forth at this place.

48. FREUDENBERG terminated STEELE because he had exercised his rights under the Illinois Worker's Compensation Act.

49. This violates the public policy of Illinois.

50. As a result, FREUDENBERG is liable to STEELE for retaliatory discharge in violation of Illinois common law.

WHEREFORE, Plaintiff requests that a judgment be entered against Defendant FREUDENBERG and that he be awarded:

h. Backpay and benefits;
i. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
j. Punitive damages;
k. Prejudgment interest;
l. Injunctive relief; and
m. Costs.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

            Respectfully submitted,

            BY: __Julie O. Herrera___
                Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812

7