UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN L. STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-cv-7254 |
| v. ) | |
| ) | Honorable Judge Gary Feinerman |
| FREUDENBERG HOUSEHOLD PRODUCTS, ) | |
| LP and ROBERT BARTH, ) | Magistrate Judge Maria Valdez |
| ) | |
| Defendant. ) | |

DEFENDANT FREUDENBERG HOUSEHOLD PRODUCTS, LP'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S HARASSMENT CLAIMS

Defendant Fruedenberg Household Products, LP ("Freudenberg"), by and through its

attorneys, Seyfarth Shaw LLP, submits the following Memorandum Of Law In Support Of Its

Motion To Dismiss Plaintiff's Harassment Claims.

## INTRODUCTION

Plaintiff John L. Steele's five-count Complaint is premised, in large part, on his claims of

racial harassment and his 2008 charge of discrimination with the Equal Employment Opportunity

Commission regarding such harassment. However, as set forth in greater detail below, because

Plaintiff filed for Chapter 13 bankruptcy in 2010 and failed to disclose his claims against

Freudenberg, his harassment allegations are barred by the doctrine of judicial estoppel and must

be dismissed.

Specifically, the Court should impose the doctrine of judicial estoppel to bar Plaintiff's

claims because he (1) filed for bankruptcy; (2) failed to inform the Bankruptcy Court, the Trustee

or his creditors of the claims he is asserting in this case; and (3) obtained confirmation of his

16427558v.4

bankruptcy plan based on the incomplete information he provided under oath to the Bankruptcy Court.

For these reasons, Freudenberg respectfully requests that the Court apply the doctrine of judicial estoppel to bar Plaintiff's harassment claims and dismiss all claims of harassment alleged to have occurred before the filing of Plaintiff's bankruptcy petition.

## BACKGROUND FACTS[1]

Plaintiff John L. Steele filed a five-count Complaint against Freudenberg[2] on October 9, 2013, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Count I), retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in violation of Title VII (Count II), race discrimination in violation of 42 U.S.C. § 1981 ("Section 1981") (Count III), retaliation for filing a charge of discrimination with the EEOC in violation of Section 1981 (Count IV), and retaliatory discharge for exercising his rights under the Illinois Workers' Compensation Act (Count V). (*See generally,* Compl., Dkt. # 1.)

Plaintiff began working for Freudenberg as a loader / forklift operator in 2007. (Compl. at ¶¶ 8, 10, 14.) He asserts that, throughout his employment, he was harassed by Mr. Barth because of his race. (Compl. at ¶ 16.) Plaintiff's claims of harassment during his employment at Freudenberg are set forth in Counts I through IV of his Complaint. (Compl. at ¶¶ 30-31, 34, 38, 40, 43.) In January 2008, Plaintiff filed a Charge of Discrimination with the EEOC regarding his

---

[1] For the purposes of this Motion only, Freudenberg treats the factual allegations in Plaintiff's Complaint as true. Freudenberg does not admit the validity of the allegations in the Complaint and has filed an answer as to the remaining allegations in the Complaint contemporaneously with the filing of this Motion.

[2] Plaintiff also named Robert Barth as a defendant to Counts III and IV. The undersigned counsel does not represent Mr. Barth in this action.

16427558v.4

claims of racial harassment.  (Compl. at ¶ 18; *see also* Charge of Discrimination, attached here as

Exhibit A.)[3]

More than two years later, on May 25, 2010, Plaintiff filed a Chapter 13 Voluntary

Petition ("Original Petition") with the United States Bankruptcy Court for the Northern District

of Illinois, Case No. 10-2383 (*See* Original Petition, Dkt. #1, a copy of which is attached here as

Exhibit B.)[4]  As he was obligated to do, Plaintiff prepared and filed sworn schedules that

included a list of contingent and unliquidated claims he possessed at the time of that filing, along

with a sworn statement of the lawsuits and administrative proceedings to which he was a party

during the prior year.  (*See id*. at 16, 30)  However, Plaintiff failed to disclose his charge of

discrimination against Freudenberg in his bankruptcy filings. (*See id*.)  On July 1, 2010, Plaintiff

filed an Amended Schedule G and Amended Voluntary Petition, adding new information to

update his income.  (*See* Amended Schedule G and Amended Voluntary Petition ("Am.

Bankruptcy Petition"), Dkt. # 16, 17, copies of which are attached here as Exhibit C.)  Once

again, Plaintiff failed to disclose his charge of discrimination against Freudenberg that was

pending and under investigation by the EEOC.  (*See id.*)

---

[3] Freudenberg requests that this Court take judicial notice of Plaintiff's EEOC charge, even though he did not attach it to his Complaint.  *See Metz v. Joe Rizza Imports, Inc.,* 700 F. Supp. 2d 983, 989 n. 2 (N.D. Ill. 2010) (EEOC charge may be subject to judicial notice in motion to dismiss); *Anderson v. Ctrs. for New Horizons, Inc.,* 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012) (court may consider plaintiff's EEOC charge, as well as associated public records, attached to defendant's motion to dismiss).

[4] Freudenberg also requests that this Court take judicial notice of Plaintiff's bankruptcy filings. *See Thompson v. O'Bryant*, 08 C 68, 2008 WL 1924954, at *2, n.1 (N.D. Ill. Apr. 30, 2008) (taking judicial notice of plaintiff's bankruptcy proceedings at the request of the defendant for the purposes of a Rule 12(b)(6) motion to dismiss).

16427558v.4

4

On July 14, 2010, the Bankruptcy Court entered an Order Confirming Chapter 13 Plan (the "Confirmation Order").  (Dkt. # 18.)  Plaintiff's bankruptcy case remains pending in the Northern District of Illinois.

In February 2012, Freudenberg terminated Plaintiff's employment.  (Compl. at ¶ 26.) Plaintiff filed an Amended Charge of Discrimination on or about March 26, 2012, adding claims relating to his termination.  (Am. Charge of Discrimination, attached here as Exhibit D.) Plaintiff did not amend his bankruptcy petition to include this amended claim.

At no time prior to the Confirmation Order did Plaintiff do anything to apprise the Bankruptcy Court, the Trustee, or his creditors of the existence of the claims he asserts in this matter.  (*See generally*, Exs. B-C.)  As a result, Freudenberg moves to dismiss Plaintiff's harassment claims, in existence well before he filed his bankruptcy petition, based on the doctrine of judicial estoppel.

## LEGAL STANDARD

Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although generally, a plaintiff's complaint will not be dismissed for failing to "preemptively address potential defenses," "[i]f the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed." *Thompson v. O'Bryant*, 08 C 68, 2008 WL 1924954, at *1 (N.D. Ill. Apr. 30, 2008) (citing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)) (dismissing plaintiff's complaint based on judicial estoppel where it was clear that plaintiff knew of his potential claims but failed to list them in his Chapter 13 bankruptcy petition).

## ARGUMENT

**I.    Plaintiff Should Be Estopped From Recovering On His Claims In This Case Because He Improperly Failed To Disclose The Claims To The Bankruptcy Court**

Plaintiff may not recover on the harassment claims he asserts in this suit. Here, Plaintiff filed for bankruptcy and obtained confirmation of his Chapter 13 bankruptcy plan based on the sworn representations he made in his filings, without ever informing the Bankruptcy Court, the Trustee or his creditors of the claims he seeks to pursue against Freudenberg in this matter. As a result, the Court should apply the doctrine of judicial estoppel to bar Plaintiff from pursuing the claims he asserts in this litigation.

### A.    The Doctrine Of Judicial Estoppel

Judicial estoppel is an equitable doctrine that "prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding."

16427558v.4

*Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 891 (7th Cir. 2005). The United States Supreme Court has explained that the "uniformly recognized" purpose of judicial estoppel is "to protect the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). Accordingly, it is well established in the Seventh Circuit that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (internal citations omitted); *see also Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 412 (7th Cir. 2006) ("Plenty of authority supports . . . the conclusion that a debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim.").[5] For these reasons, Freudenberg asks the Court to dismiss the harassment claims in Plaintiff's Complaint with prejudice.

**B. Plaintiff's Claims Are Barred By Judicial Estoppel**

There are three prerequisites to judicial estoppel in this context: (1) the party's current and former positions must be clearly inconsistent; (2) the facts surrounding the current and former positions must be the same; and (3) the party must have succeeded in persuading a court to accept the former position. *Urbania v. Central States, S.E. & S.W. Areas Pension Fund*, 421 F.3d 580, 589 (7th Cir. 2005); *see also New Hampshire*, 532 U.S. at 750-51.

---

[5]   Other federal appellate courts consistently have applied the same holding. *See Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3d Cir. 2003); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005); *United States ex rel. Gebert v. Transport Admin. Servs.*, 260 F.3d 909, 917-19 (8th Cir. 2001); *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001); *Barger v. Cartersville*, 348 F.3d 1289, 1293-97 (11th Cir. 2003).

Plaintiff's course of conduct satisfies each of the requirements for judicial estoppel. His

failure to disclose his pending harassment charge against Freudenberg is sufficient to establish

the first element of judicial estoppel – Plaintiff's pursuit of his harassment claims against

Freudenberg in this matter is inconsistent with the position he took before the Bankruptcy Court.

*Calvin v. Potter*, No. 07 C 3056, 2009 WL 2588884, at *4 (N.D. Ill. Aug. 20, 2009) (plaintiff

who concealed her pending discrimination claims from Chapter 13 bankruptcy proceedings took

inconsistent positions and warranted the application of judicial estoppel). Indeed, failure to

disclose a claim in the context of a debtor's bankruptcy is equivalent to an affirmative

representation, made under oath, that the claim does not exist. *See MDFC Loan Corp. v. First

Shopping Ctr. P'ship*, No. 93 C 4481, 1996 WL 99909, at *12 (N.D. Ill. Feb. 27, 1996) (finding

that failure to disclose a claim in bankruptcy is "clearly inconsistent" with subsequent assertion

of same legal claim); *accord Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir.

2007).

The same facts also establish the second element required for judicial estoppel; the facts

surrounding the two inconsistent positions Plaintiff has taken are identical, because Plaintiff

asserts the same harassment claims in this case that were the subject of his Charge of

Discrimination and that he failed to disclose to the Bankruptcy Court. (*Compare* Exs. A (Charge

of Discrimination) & D (Am. Charge of Discrimination) *with* Exs. B (Original Petition) & C

(Am. Bankruptcy Petition).)

Finally, the Bankruptcy Court's Order confirming Plaintiff's bankruptcy plan satisfies the

final remaining criterion necessary for the application of judicial estoppel. *See Calvin*, 2009 WL

2588884, at *4. There is no question that the Bankruptcy Court's Order was issued in reliance

on Plaintiff's sworn affirmation that the information he included in his bankruptcy schedules was

16427558v.4

accurate and complete. *See id.* ("[T]he bankruptcy court reviewed [plaintiff's] sworn financial statements and Chapter 13 payment plan and confirmed the plan without including the instant action."). (*See also* Exs. B & C.)

The applicability of judicial estoppel to circumstances like those in this case is uniformly recognized by federal appellate courts,[6] including the Seventh Circuit. For instance, in *Cannon-Stokes*, the Seventh Circuit held that the plaintiff was barred by judicial estoppel from pursuing discrimination claims because she failed to identify those claims in her bankruptcy proceedings. The Seventh Circuit succinctly explained its reasoning:

> [the employee] had represented that she had no claim against [her employer] (or anyone else); that representation prevailed; she had obtained a valuable benefit in the discharge of her debts. Now she wants to assert the opposite in order to win a second time. That satisfies the requirements of judicial estoppel.

*See* 453 F.3d at 447. The same logic applies in the context of Chapter 13 bankruptcy proceedings. "A financial motive to hide assets exists under Chapter 13 because the hiding of assets affects the amount that the debtor is to be discounted and must repay." *See Calvin*, 2009 WL 2588884, at *4. *See also De Leon v. Comcar Indus., Inc.,* 321 F.3d 1289, 1291-92 (11th Cir. 2003) (affirming application of judicial estoppel where plaintiff failed to amend his Chapter 13 bankruptcy filings to add his potential employment discrimination claims).

Plaintiff is no different than the plaintiff in *Cannon-Stokes* or *Calvin*: he never informed the Bankruptcy Court of his claims against Freudenberg; that silence persisted, even when he amended his bankruptcy schedules; and he ultimately received the benefit of the confirmation plan entered according to his misrepresentations. (*See* Exs. B-C.) Plaintiff is "bound by the

---

[6]   *See supra*, n.2. Both Chapter 7 and Chapter 13 bankruptcy cases "require full disclosure of assets so there is no distinction between the two . . ." *Calvin*, 2009 WL 2588884, at *3 n.2 (citing *Bisek v. Soo Line R.R.*, 440 F.3d 410, 413 (7th Cir. 2006)).

8

16427558v.4

representations or lack thereof that he made in the bankruptcy proceedings," and should be judicially estopped from bringing his claims against Freudenberg. *Davis v. Village of Caseyville*, No. 05-CV-0455-DRH, 2007 WL 551584, at *3 (S.D. Ill. Feb. 20, 2007) (finding that the plaintiff's claims were barred by judicial estoppel because he failed to amend his bankruptcy schedules to reflect the existence of his 42 U.S.C. §§ 1983 and 1988 claims, which arose after he filed for bankruptcy). Plaintiff filed his Charge of Discrimination against Freudenberg in 2008— two years before he filed his Chapter 13 petition—alleging the very same harassment allegations of which he now complains in this lawsuit. That Charge remained under investigation and had not been adjudicated at the time Plaintiff filed for bankruptcy.

As such, it is undisputed that Plaintiff was aware of all of the pertinent facts supporting his harassment claims at the time he filed for bankruptcy. This is more than sufficient to establish judicial estoppel, for Freudenberg need only establish that Plaintiff had knowledge of the facts giving rise to his undisclosed claims. *See In re Envirodyne Indus, Inc*., 183 B.R. 812, 821, n.17 (Bkr. N.D. Ill. 1995) ("[T]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information, (*i.e.,* the material facts) prior to confirmation to suggest that it may have a possible cause of action then that is a 'known' cause of action such that it must be disclosed.") (internal citations omitted); *Bland v. Rahar*, No. 06-3702, 2008 WL 109388, at *3 (C.D. Ill. Jan. 9, 2008) (plaintiff's knowledge of facts giving rise to undisclosed claim judicially estopped plaintiff's pursuit of that claim).

For these reasons, the Court should apply the doctrine of judicial estoppel to bar Plaintiff's pending harassment claims, and dismiss any claims asserting allegations of harassment arising before the entry of Plaintiff's Confirmation Order on July 14, 2010

9

## **CONCLUSION**

Based on the foregoing, Freudenberg respectfully requests that the Court grant its Motion

and dismiss Plaintiff's harassment claims arising before July 14, 2010, and for such other and

further relief as the Court deems just and equitable.


**DATED:**  November 19, 2013                    Respectfully submitted,

                                                 FREUDENBERG HOUSEHOLD
                                                 PRODUCTS, LP


                                                 By      s/ Sara A. Eber
                                                         One of Its Attorneys


Annette Tyman (atyman@seyfarth.com)
Sara A. Eber (seber@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000
(312) 460-7000 (fax)

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of **Defendant Freudenberg Household Products, LP's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Harassment Claims** to be served upon:

> Julie O. Herrera
> Law Offices of Julie O. Herrera
> 53 W. Jackson, Suite 1615
> Chicago, Illinois 60604
> (312) 697-0022 (telephone)
> *Attorney for Plaintiff*

via ECF filing on this 19th day of November, 2013.

> s/ *Sara A. Eber*
> Sara A. Eber
> SEYFARTH SHAW, LLP
> 131 S. Dearborn, Suite 2400
> Chicago, IL  60603
> (312) 460-5000 (telephone)
> (312) 460-7000 (facsimile)
>
> **ATTORNEYS FOR DEFENDANT**
> **Freudenberg Household Products, LP**

16427558v.4